1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

8
9    THE BERNHOFT LAW FIRM, S.C.,

CASE NO. 3:12-CV-1608 W-BLM

10
11                                    Plaintiff,

**ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS FOR INSUFFICIENT
SERVICE [DOC. 4].**

12       v.
13
14    BLAINE POLLOCK,
15
16                                    Defendant.
17

18       Pending before the Court is Defendant Blaine Pollock's ("Defendant") motion

19  to dismiss for insufficient service under Federal Rule of Civil Procedure 12(b)(5).

20  (*Def.'s MTD* [Doc. 4].)  Plaintiff The Bernhoft Law Firm, S.C., ("Plaintiff") opposes.

21  (*Pl.'s Opp'n* [Doc. 6].)  The Court decides the matter on the papers and without oral

22  argument.  See S.D. Cal. Civ. L. R. 7.1(d.1).  For the reasons discussed below, the

23  Court **DENIES** Defendant's motion.

24

25  **I.    BACKGROUND**

26       On June 28, 2012, Plaintiff filed a complaint against Defendant in federal court.

27  (*Compl.* [Doc. 1].)  The court issued a summons on the same date.  (*Summons Issued*

28  [Doc. 2].)  On July 9, 2012, Plaintiff filed its proof of service of summons.  (*Proof of*

*Service,* [Doc. 3-1].)  The proof of service indicates that Plaintiff's process server made seven attempts to serve Defendant over the course of a week: twice at Defendant's office during regular office hours and five times at Defendant's home.  (*Id.* at 3.)  It also lists the home and business addresses where the process server attempted to effectuate personal service.  (*Id.*)  In addition, the proof of service indicates that the process server effectuated substitute service on Jane Doe, a person at least 18 years old and apparently in charge of the Defendant's office at 910 Hale Place, Suite 101, Chula Vista, CA, 91914.  ( *Id.*)

On July 30, 2012, Pollock filed a motion to dismiss for insufficient service of process, contending that Plaintiff did not exercise "reasonable diligence" to personally serve Pollock.  (*Def.'s MTD* [Doc. 4] 2-3.)  Pollock also contends that substitute service was deficient because Jane Doe was not a designated agent for the purpose of receiving a summons.  (*Id.* at 4.)   On September 1, 2012, Plaintiff filed its opposition to the motion, arguing that the it did exercise "reasonable diligence" in attempting to personally serve Defendant and that the subsequent substitute service was proper.  (*Pl.'s Opp'n* [Doc. 6].)  On September 10, 2012, Defendant filed a reply.  (*Def.'s Reply in Supp. of MTD* [Doc. 7].)

## II.   LEGAL STANDARD

Rule 12(b) (5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal for insufficiency of service of process.  <u>See</u> Fed. R. Civ. P. 12(b)(5).  When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Federal Rule of Civil Procedure 4. <u>See</u> <u>Emine Tech. Co. v. Aten Int'l Co.</u>, 2008 WL 5000526, at *2 (N. D. Cal. Nov. 21, 2008).  Plaintiff normally meets this burden by producing the process server's return or proof of service. <u>Id.</u>  That return is generally accepted as prima facie evidence that service was effected, and of the manner in which it was effected.  <u>Id.</u>  Unless some defect in service is shown

on the face of the return, Defendant is required to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service.  Id.

Rule 4(e) provides four alternatives for service of individuals. Service is effective pursuant to (1) the law of the state where the district court is located or of the state where service is effected; (2) by delivering a copy of the summons and of the complaint to the individual personally; (3) by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (4) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

If the plaintiff is unable to satisfy its burden of demonstrating effective service, the Court has discretion to either dismiss or retain the action. Emine Tech. Co., 2008 WL 5000526 at *2.  If the Court decides not to dismiss, it quashes the ineffective service that has been made on the defendant and provides the plaintiff the opportunity to serve the defendant again effectively. See Stevens v. Security Pacific Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir.1976).

## III.   DISCUSSION

1.   **Plaintiff exercised "reasonable diligence" under California law in attempting to effectuate personal service upon Defendant, and was thus entitled to serve Defendant by substitute service.**

Under California law, substitute service is proper "if a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served." See Ca. Code Civ. P. 415.20.  Ordinarily, two or three attempts at personal service at a proper place satisfies the requirement of reasonable diligence and allow substituted service to be made. Bein v. Brechtel-Jochim Group, Inc., 8 Cal. Rptr. 2d 351, 352 (1992) (citing Espindola v. Nunez, 245 Cal. Rptr. 596, 598 (1988)). California's service of process statutes are "to be liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant." Bein, 8 Cal. Rptr. 2d at 353 (citing Pasadena Medi-Center Associates v. Superior Court, 9 Cal.

3d 773, 778 (1973)).  The California Supreme Court's "admonition to construe process statutes liberally extends to substituted service as well as personal service."  Bein, 8 Cal. Rptr. 2d at 353 (citing Espindola, 245 Cal. Rptr. at 599.)

Here, Defendant argues, *inter alia*,[1] that substitute service was ineffective under California law and thus ineffective under Fed. R. Civ. P. 4(e)(1) because Plaintiff did not establish "reasonable diligence" in attempting to effectuate personal service. (*Def.'s MTD* [Doc. 4]2-3.)  Specifically, Defendant asserts that "there is absolutely no evidence to illustrate that any attempts were made to personally serve Defendant Blaine Pollock whatsoever." (*Id.* at 3.)  Defendant maintains that "the papers filed with the court merely reflect that Plaintiffs left the summons and complaint 'at the [Defendant]'s office with a clerk or other person in charge'" and show no attempts to personally serve Defendant.  (*Id.* at 3.)  Defendant is wrong.

Plaintiff's proof of service provides prima facie evidence that Plaintiff exercised "reasonable diligence" in attempting to effectuate personal service. (*Pl.'sProof of Service* [Doc. 3]2); Mechanical Marketing Inc. v. Sixxon Precision Machinery Co., Ltd., 2011 WL 4635546, *2. Plaintiff's process server attempted to serve the Defendant personally seven times, at both his home and office, at various times during the day.  (*Pl.'s Proof of Service* [Doc. 3]2.)  Defendant's moving papers provide no evidence to contradict this prima facie showing.[2]  Instead, Defendant concludes that "there is absolutely no evidence to illustrate any attempts" to effectuate personal service without providing any

---

[1] Defendant also argues that Plaintiff failed to serve the complaint in accordance with Fed. R. Civ. P. 4(e)(2).  Because the Court finds that Plaintiff properly served the complaint under Fed. R. Civ. P. 4(e)(1), there is no need to address this argument.

[2] Defendant advances a number of arguments attacking Plaintiff's "reasonable diligence" in attempting personal service for the first time in its reply brief.  These arguments were waived by omission from the opening brief.  Officers for Justice v. Civil Service Com'n of City and County of San Francisco, 979 F.2d 721, 725-726 (9th Cir. 1992), *cert. denied*, 507 U.S. 1004 (1993).  Because the Defendant has waived these issues, the Court does not address them.

facts to support this claim.  *(Id.)*  Such a conclusory statement does not defeat Plaintiff's prima facie showing of "reasonable diligence."  See <u>Mech. Mktg., Inc.</u> at *2.

In addition, Defendant's reliance on <u>Burchett v. City of Newport Beach</u> is unfounded.  40 Cal. Rptr. 2d 1 (Ct. App. 1995).  In <u>Burchett</u>, the Court found that substitute service was improper because "there was not even *one* attempt made to effect personal service."  <u>Burchett</u>, 40 Cal. Rptr. 2d at 3.  Here, Plaintiff attempted to effect personal service seven times, which renders <u>Burchett</u> inapposite.  <u>Id.</u>  In light of the foregoing, the Court finds that Plaintiff exercised "reasonable diligence" in its attempts to effect personal service on the Defendant and was thus entitled to effect substitute service upon the Defendant.  Therefore, the only issue that remains is whether Plaintiff properly effected substitute service on the Defendant.

### 2.   Plaintiff properly effected substitute service in accordance with California law.

Substitute service may be effected upon "a person apparently in charge of [Defendant's] office, place of business...at least 18 years of age, who shall be informed of the contents thereof."  <u>Bein</u>, 8 Cal. Rptr. 2d at 353 (citing Ca. Code Civ. P. 415.20).  Plaintiff must also mail a copy of the summons and complaint to "the person to be served at the place where a copy of the summons and of the complaint were left."  <u>Id.</u>

Defendant does not attack the validity of Plaintiff's substitute service in its moving papers.[3]  In fact, Defendant explicitly concedes that Plaintiff's proof of service establishes that Plaintiff effected service at Defendant's office upon "a clerk or other person in charge."  (*Def.'s M. To Quash* [Doc. 4]3.)  In addition, Defendant never contests the process server's declaration that he mailed a copy of the summons and complaint to Defendant's office.  (*Proof of Service* [Doc. 3-1] 4.) Therefore, the Court finds that Defendant has failed to contradict Plaintiff's prima facie evidence that it

---

[3]Defendant attacks the validity of Plaintiff's substitute service for the first time in its reply.  The Court does not address these arguments as they have been waived.  See <u>Officers for Justice</u>, 979 F.2d at 725-26.

12cv1608w

1    effectuated proper substitute service.

2

3    **IV.    CONCLUSION AND ORDER**

4         For these reasons, and because California's service of process statutes are to be

5    liberally construed to effectuate service and uphold jurisdiction when actual notice has

6    been received, the Court **DENIES** Pollock's motion to quash summons.

7              **IT IS SO ORDERED.**

8

9         DATED:  November 14, 2012

10

11

12    _____

13    Hon. Thomas J. Whelan

14    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28