1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   THE BERNHOFT LAW FIRM, S.C.,          CASE NO. 12-CV-1608 W (BLM)

12                              Plaintiff,   ORDER GRANTING
                                             DEFENDANT'S MOTION TO
13         v.                                DEEM OPPOSITION TIMELY
                                             FILED [DOC. 12] AND
14                                           GRANTING PLAINTIFF'S
15   BLAINE POLLOCK,                         MOTION TO DISQUALIFY
                                             COUNSEL [DOC. 8]
16                             Defendant.

17

18

19         Plaintiff Bernhoft Law Firm seeks to disqualify Defendant Blaine Pollock's

20   counsel Richard E. Barnes on a number of grounds.  Mr. Pollock filed his opposition

21   late, accompanied with a motion to deem his opposition timely.  The Bernhoft Law

22   Firm filed an opposition to Mr. Pollock's motion.

23         The Court decides the matter on the papers submitted and without oral

24   argument pursuant to Civil Local Rule 7.1(d)(1).  Upon review of the papers relating

25   to Mr. Pollock's motion, and good cause appearing,[1] the Court **GRANTS** Mr. Pollock's

26

27         _____

           [1]  It is well-established that district courts have "broad inherent powers to manage their
28   own affairs so as to achieve the orderly and expeditious disposition of cases." Sherman v. United
     States, 801 F.2d 1133, 1135 (9th Cir. 1986).  The Court finds that Mr. Pollock's one-day delay

1  motion and deems his opposition timely.  For the reasons discussed below, the Court

2  **GRANTS** the Bernhoft Law Firms's motion to disqualify Attorney Richard E. Barnes

3  from representing Mr. Pollock.

4

5  I.    BACKGROUND

6         In August 2011, Defendant Mr. Pollock ("Mr. Pollock") retained the Plaintiff

7  Bernhoft Law Firm (the "Bernhoft Firm")regarding an IRS criminal tax investigation.

8  (*Bernhoft Decl.* [Doc. 8-2] ¶ 9.)  At the time, Mr. Barnes was employed by the Bernhoft

9  Firm, and was the firm's lead attorney in the case.  (*Id.* at ¶ 11.)  As lead attorney, he

10 was directly responsible for all facets of the firm's representation of Mr. Pollock,

11 including directing and completing all substantive work, devising and implementing

12 representation strategies, client communication, and approval and coordination of all

13 third-party professional work.  (*Id.*)  Mr. Barnes specifically approved all terms set forth

14 in the Pollock representation agreement, including hourly billing rates for all firm

15 employees, representation cost provisions, supplemental retainers, and trust account

16 and billing protocols.  (*Id.*)  He drafted and approved representation agreements for the

17 Bernhoft Firm that shared complete identity of material terms with Mr. Pollock's

18 representation agreement.  (*Id.* at ¶ 36.)

19        On October 12, 2011, Mr. Barnes informed the Bernhoft Firm that he was

20 leaving to start his own firm.  (*Id.* at ¶ 13.)  On the same day, Mr. Barnes also informed

21 the Bernhoft Firm that Mr. Pollock had discharged the firm and hired Mr. Barnes in its

22 stead.  (*Id.* at ¶ 14.)

23        On August 8, 2012, the Bernhoft Firm commenced this action against Mr.

24 Pollock for breach of contract.  (*Compl.* [Doc. 1] 3.)  Therein, the Bernhoft Firm alleges

25 that Mr. Pollock owes it $138,351.58 in attorney's fees plus interest.  (*Id.* at 4.)  On

26 October 25, 2012, the Bernhoft Firm filed a motion to disqualify Mr. Barnes from

27 ───────────────

28 in filing his opposition is excused in light of online filing difficulties.  Moreover, this Court's
   consideration of the opposition causes no prejudice to the Bernhoft Law Firm.

1  representing Mr. Pollock in this matter, claiming that Mr. Barnes had breached and

2  would continue to breach his duty of confidentiality to the Bernhoft Firm, and that Mr.

3  Barnes has a conflict of interest with Mr. Pollock.  Mr. Pollock opposes.

4

5  **II.    LEGAL STANDARD**

6        "A trial court's authority to disqualify an attorney derives from the power

7  inherent in every court '[t]o control in furtherance of justice, the conduct of its

8  ministerial officers, and of all other persons in any manner connected with a judicial

9  proceeding before it, in every matter pertaining thereto."  Kennedy v. Eldridge, 201

10  Cal. App. 4th 1197, 1204 (2011) (alterations in original). "[D]isqualification motions

11  involve a conflict between the clients' right to counsel of their choice and the need to

12  maintain ethical standards of professional responsibility." Id. "The paramount concern

13  must be to preserve public trust in the scrupulous administration of justice and the

14  integrity of the bar." Id. "The important right to counsel of one's choice must yield to

15  ethical considerations that affect the fundamental principles of our judicial process."

16  Id.

17        Disqualification of counsel not only prevents attorneys from breaching their

18  ethical duties, but also protects the judicial process from any taint of unfairness that

19  might arise from conflicts of interest.  Sharp v. Next Entm't Inc., 163 Cal. App. 4th

20  410, 425 (2008). "A conflict arises when the circumstances of a particular case present

21  a 'substantial risk that the lawyer's representation of the client would be adversely

22  affected by the lawyer's own interests.'"  Sharp, 163 Cal. App. 4th at 426.  Where such

23  a conflict arises, and an attorney's continued representation threatens that attorney's

24  client with cognizable injury or would undermine the integrity of the judicial process,

25  a trial court may grant a motion for disqualification.  See Kennedy, 201 Cal. App. 4th

26  at 1205.

27  **III.   DISCUSSION**

28        The Bernhoft Firm argues that Mr. Barnes' substantial involvement in the

1  Bernhoft Firm's representation of Mr. Pollock prevent him from representing Mr.

2  Pollock in this matter because any defense to the Bernhoft Firm's breach-of-contract

3  claim will necessarily and negatively implicate Mr. Barnes' own performance, ethics,

4  and/or conduct.  (*Disqual. Motion* 16-17.)  The Court agrees.

5      Here, there is an obvious conflict of interest between Mr. Barnes and Mr. Pollock

6  stemming from Mr. Barnes' prior representation of Mr. Pollock.  The legal fees that Mr.

7  Pollock has refused to pay were, in large part, generated and approved by Mr. Barnes.

8  He billed a very substantial portion of the total legal fees that Mr. Pollock accrued

9  during the firm's representation.  (*Bernhoft Decl.* at ¶ 35.)  Also, Mr. Barnes' own record

10 keeping and judgment controlled the final bills that Mr. Pollock received.  (*Id.* at ¶ 36.)

11 In the event that Mr. Pollock  refutes the validity of these fees during the course of this

12 litigation, such an argument will require Mr. Barnes to attack the appropriateness of his

13 own representation, a position that the Court finds untenable.  Mr. Barnes cannot

14 zealously represent his client's interests if it means attacking the validity of bills that he

15 approved and the legal services that he provided.  These circumstances present a

16 substantial risk that Mr. Barnes' own interests would adversely affect his representation

17 of Mr. Pollock, thereby creating a conflict warranting disqualification.

18     Moreover, Mr. Pollock does not directly address the alleged conflict anywhere

19 in his opposition, effectively conceding that Mr. Barnes has a conflict of interest that

20 warrants disqualification.  The crux of Mr. Pollock's opposition[2] is his contention that

21 _____

22     [2] Mr. Pollock also argues that because no lawyer can bring an indemnity claim against
23 another lawyer in a malpractice suit without client permission, a law firm cannot circumvent
   this rule by attempting disqualification instead of an indemnity suit.  (*Disqual. Opp'n* 8-9.)  Mr.
24 Pollock provides no authority to support this novel argument, and the Court finds it inapposite.
       In addition, Mr. Pollock argues that speculation that Mr. Barnes may appear as a
25 witness is not sufficient grounds for disqualification.  (*Disqual. Opp'n* 10.)  The Court finds this
26 argument irrelevant.  The Bernhoft Firm does not claim that Mr. Barnes should be disqualified
   on this ground.
27     Finally, Mr. Pollock cites <u>Trust Corp. of Montana v. Piper Aircraft Corp.</u> to support his
28 argument that the Bernhoft Firm's delay in filing the motion implies consent and waiver to any

1  no attorney-client relationship existed between the Bernhoft Firm and Mr. Barnes.  (*See*

2  *generally Opp'n*.)  While this argument addresses the Bernhoft Firm's claim that Mr.

3  Barnes breached his duty of confidentiality,[3] it does not directly address the alleged

4  conflict of interest.  Even if the Court construes Mr. Pollock's opposition to suggest that

5  Mr. Barnes may only be disqualified based on a violation of an attorney-client privilege,

6  the argument is still unavailing.  See Meza v. H. Muehlstein & Co., 176 Cal. App. 4th

7  969, 980 (2009) (explaining that "[p]rotection of the attorney-client privilege is not the

8  only ground for a motion to disqualify an attorney."); Kennedy, 201 Cal. App. 4th at

9  1204-05 (emphasizing that it makes no sense for a court to "stand idly by and permit

10 conflicted counsel to participate in a case merely because neither a client nor former

11 client has brought a motion.")

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 _____

23 claim of disqualification.  701 F.2d 85, 86 (9th Cir. 1983) (*Disqual. Opp'n* 14-15).  The Court finds that argument unavailing.  The motion in Trust Corp. was delayed over two years and

24 filed only a month prior to trial, while the motion here was filed before Mr. Pollock even filed an answer.  See Trust Corp., 701 F.2d at 86.

25 

26 [3]  Because the Court finds that Mr. Barnes is subject to disqualification based on his conflict of interest with Mr. Pollock, the Court does not reach the issue of whether Mr. Barnes

27 established an attorney-client relationship with the Bernhoft Firm or whether Mr. Barnes violated any duties he owed under that alleged attorney-client relationship.

28

IV.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Mr. Pollock's timeliness motion is **GRANTS** the Bernhoft Firm's motion to disqualify Mr. Barnes as Mr. Pollock's counsel.

In light of this order, the Court holds the pending motion for default judgment [Doc. 17] in abeyance for Mr. Pollock to have an opportunity to find new counsel and file a supplemental opposition to the pending motion for default judgment, if he wishes.  Any supplemental response to the motion for default judgment must be filed on or before **March 18, 2013.**  If the Bernhoft Firm chooses to reply to Mr. Pollock's supplemental opposition, it must do so on or before **March 25, 2013.**  If no supplemental opposition is filed on or before **March 18, 2013**, the Court will rule on the motion for default judgment as currently briefed.

**IT IS SO ORDERED**.

DATED:  February 12, 2013

_____
Hon. Thomas J. Whelan
United States District Judge