UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BERNHOFT LAW FIRM, S.C.,<br><br>                    Plaintiff,<br><br>      v.<br><br>BLAINE POLLOCK,<br><br>                    Defendant. | CASE NO. 12-CV-1608 W (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DEEM OPPOSITION TIMELY FILED [DOC. 12] AND GRANTING PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL [DOC. 8]** |

      Plaintiff Bernhoft Law Firm seeks to disqualify Defendant Blaine Pollock's counsel Richard E. Barnes on a number of grounds.  Mr. Pollock filed his opposition late, accompanied with a motion to deem his opposition timely.  The Bernhoft Law Firm filed an opposition to Mr. Pollock's motion.

      The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Upon review of the papers relating to Mr. Pollock's motion, and good cause appearing,[1] the Court **GRANTS** Mr. Pollock's

---

[1] It is well-established that district courts have "broad inherent powers to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986).  The Court finds that Mr. Pollock's one-day delay

motion and deems his opposition timely.  For the reasons discussed below, the Court **GRANTS** the Bernhoft Law Firms's motion to disqualify Attorney Richard E. Barnes from representing Mr. Pollock.

I.     BACKGROUND

In August 2011, Defendant Mr. Pollock ("Mr. Pollock") retained the Plaintiff Bernhoft Law Firm (the "Bernhoft Firm")regarding an IRS criminal tax investigation. (*Bernhoft Decl.* [Doc. 8-2] ¶ 9.)  At the time, Mr. Barnes was employed by the Bernhoft Firm, and was the firm's lead attorney in the case. (*Id.* at ¶ 11.)  As lead attorney, he was directly responsible for all facets of the firm's representation of Mr. Pollock, including directing and completing all substantive work, devising and implementing representation strategies, client communication, and approval and coordination of all third-party professional work. (*Id.*)  Mr. Barnes specifically approved all terms set forth in the Pollock representation agreement, including hourly billing rates for all firm employees, representation cost provisions, supplemental retainers, and trust account and billing protocols. (*Id.*)  He drafted and approved representation agreements for the Bernhoft Firm that shared complete identity of material terms with Mr. Pollock's representation agreement.  (*Id.* at ¶ 36.)

On October 12, 2011, Mr. Barnes informed the Bernhoft Firm that he was leaving to start his own firm. (*Id.* at ¶ 13.)  On the same day, Mr. Barnes also informed the Bernhoft Firm that Mr. Pollock had discharged the firm and hired Mr. Barnes in its stead. (*Id.* at ¶ 14.)

On August 8, 2012, the Bernhoft Firm commenced this action against Mr. Pollock for breach of contract. (*Compl.* [Doc. 1] 3.)  Therein, the Bernhoft Firm alleges that Mr. Pollock owes it $138,351.58 in attorney's fees plus interest. (*Id.* at 4.)  On October 25, 2012, the Bernhoft Firm filed a motion to disqualify Mr. Barnes from

---

in filing his opposition is excused in light of online filing difficulties.  Moreover, this Court's consideration of the opposition causes no prejudice to the Bernhoft Law Firm.

1  representing Mr. Pollock in this matter, claiming that Mr. Barnes had breached and
2  would continue to breach his duty of confidentiality to the Bernhoft Firm, and that Mr.
3  Barnes has a conflict of interest with Mr. Pollock. Mr. Pollock opposes.

**II.  LEGAL STANDARD**

"A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" Kennedy v. Eldridge, 201 Cal. App. 4th 1197, 1204 (2011)(alterations in original). "[D]isqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." Id. "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." Id. "The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." Id.

Disqualification of counsel not only prevents attorneys from breaching their ethical duties, but also protects the judicial process from any taint of unfairness that might arise from conflicts of interest. Sharp v. Next Entm't Inc., 163 Cal. App. 4th 410, 425 (2008). "A conflict arises when the circumstances of a particular case present a 'substantial risk that the lawyer's representation of the client would be adversely affected by the lawyer's own interests.'" Sharp, 163 Cal. App. 4th at 426. Where such a conflict arises, and an attorney's continued representation threatens that attorney's client with cognizable injury or would undermine the integrity of the judicial process, a trial court may grant a motion for disqualification. See Kennedy, 201 Cal. App. 4th at 1205.

**III.  DISCUSSION**

The Bernhoft Firm argues that Mr. Barnes' substantial involvement in the

1 Bernhoft Firm's representation of Mr. Pollock prevent him from representing Mr.
2 Pollock in this matter because any defense to the Bernhoft Firm's breach-of-contract
3 claim will necessarily and negatively implicate Mr. Barnes' own performance, ethics,
4 and/or conduct. (*Disqual. Motion* 16-17.) The Court agrees.

5       Here, there is an obvious conflict of interest between Mr. Barnes and Mr. Pollock
6 stemming from Mr. Barnes' prior representation of Mr. Pollock. The legal fees that Mr.
7 Pollock has refused to pay were, in large part, generated and approved by Mr. Barnes.
8 He billed a very substantial portion of the total legal fees that Mr. Pollock accrued
9 during the firm's representation. (*Bernhoft Decl.* at ¶ 35.) Also, Mr. Barnes' own record
10 keeping and judgment controlled the final bills that Mr. Pollock received. (*Id.* at ¶ 36.)
11 In the event that Mr. Pollock refutes the validity of these fees during the course of this
12 litigation, such an argument will require Mr. Barnes to attack the appropriateness of his
13 own representation, a position that the Court finds untenable. Mr. Barnes cannot
14 zealously represent his client's interests if it means attacking the validity of bills that he
15 approved and the legal services that he provided. These circumstances present a
16 substantial risk that Mr. Barnes' own interests would adversely affect his representation
17 of Mr. Pollock, thereby creating a conflict warranting disqualification.

18       Moreover, Mr. Pollock does not directly address the alleged conflict anywhere
19 in his opposition, effectively conceding that Mr. Barnes has a conflict of interest that
20 warrants disqualification. The crux of Mr. Pollock's opposition[2] is his contention that

---

[2] Mr. Pollock also argues that because no lawyer can bring an indemnity claim against another lawyer in a malpractice suit without client permission, a law firm cannot circumvent this rule by attempting disqualification instead of an indemnity suit. (*Disqual. Opp'n* 8-9.) Mr. Pollock provides no authority to support this novel argument, and the Court finds it inapposite.

In addition, Mr. Pollock argues that speculation that Mr. Barnes may appear as a witness is not sufficient grounds for disqualification. (*Disqual. Opp'n* 10.) The Court finds this argument irrelevant. The Bernhoft Firm does not claim that Mr. Barnes should be disqualified on this ground.

Finally, Mr. Pollock cites <u>Trust Corp. of Montana v. Piper Aircraft Corp.</u> to support his argument that the Bernhoft Firm's delay in filing the motion implies consent and waiver to any

1  no attorney-client relationship existed between the Bernhoft Firm and Mr. Barnes. (*See
2  generally Opp'n*.) While this argument addresses the Bernhoft Firm's claim that Mr.
3  Barnes breached his duty of confidentiality,[3] it does not directly address the alleged
4  conflict of interest. Even if the Court construes Mr. Pollock's opposition to suggest that
5  Mr. Barnes may only be disqualified based on a violation of an attorney-client privilege,
6  the argument is still unavailing. See Meza v. H. Muehlstein & Co., 176 Cal. App. 4th
7  969, 980 (2009) (explaining that "[p]rotection of the attorney-client privilege is not the
8  only ground for a motion to disqualify an attorney."); Kennedy, 201 Cal. App. 4th at
9  1204-05 (emphasizing that it makes no sense for a court to "stand idly by and permit
10 conflicted counsel to participate in a case merely because neither a client nor former
11 client has brought a motion.")

12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //

---

claim of disqualification. 701 F.2d 85, 86 (9th Cir. 1983) (*Disqual. Opp'n* 14-15). The Court finds that argument unavailing. The motion in Trust Corp. was delayed over two years and filed only a month prior to trial, while the motion here was filed before Mr. Pollock even filed an answer. See Trust Corp., 701 F.2d at 86.

[3] Because the Court finds that Mr. Barnes is subject to disqualification based on his conflict of interest with Mr. Pollock, the Court does not reach the issue of whether Mr. Barnes established an attorney-client relationship with the Bernhoft Firm or whether Mr. Barnes violated any duties he owed under that alleged attorney-client relationship.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS** Mr. Pollock's timeliness motion is **GRANTS** the Bernhoft Firm's motion to disqualify Mr. Barnes as Mr. Pollock's counsel.

In light of this order, the Court holds the pending motion for default judgment [Doc. 17] in abeyance for Mr. Pollock to have an opportunity to find new counsel and file a supplemental opposition to the pending motion for default judgment, if he wishes.  Any supplemental response to the motion for default judgment must be filed on or before **March 18, 2013.**  If the Bernhoft Firm chooses to reply to Mr. Pollock's supplemental opposition, it must do so on or before **March 25, 2013.**  If no supplemental opposition is filed on or before **March 18, 2013**, the Court will rule on the motion for default judgment as currently briefed.

**IT IS SO ORDERED**.

DATED:  February 12, 2013

_____
Hon. Thomas J. Whelan
United States District Judge