UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BERNHOFT LAW FIRM, S.C.,<br><br>        Plaintiff,<br><br> v.<br><br>BLAINE POLLOCK,<br><br>        Defendant. | CASE NO. 12-CV-1608W (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DOC. 17] AND DEFENDANT'S MOTION FOR RECONSIDERATION [DOC. 28]** |

   Pending before the Court is Defendant's motion for reconsideration of the Court's February 12, 2013 order (the "disqualification order") granting the Bernhoft Law Firm's ("Plaintiff") motion to disqualify counsel. (*Mot. to. Disq.* [Doc. 8]; *Order I* [Doc. 25].) Also pending before the Court is Plaintiff's motion for default judgment. (*Mot. Default* [Doc. 17].)

   The Court decides the matter on the papers submitted and without oral argument. <u>See</u> Civ. L. R. 7.1(d.1). Having reviewed the moving papers, the Court **DENIES** Defendant's motion for reconsideration and **DISMISSES** Plaintiff's motion for default judgment.

## I. BACKGROUND

On July 30, 2012, Defendant filed a motion to dismiss Plaintiff's action for insufficient service, pursuant to Federal Rule of Civil Procedure 12(b)(5). (*Mot. to Dismiss* [Doc. 4].) On October 25, 2012, while Defendant's 12(b)(5) motion was pending, Plaintiff filed a motion to disqualify counsel, arguing, among other things, that Defendant's attorney Robert Barnes ("Mr. Barnes") was conflicted from representing Defendant in the instant matter. (*Mot. to Disq.* 2:4-7.)

On November 14, 2012, the Court denied Defendant's 12(b)(5) motion (*Dismissal Order* [Doc. 13]), thereby requiring Defendant to file an answer to Plaintiff's complaint on or by November 28, 2012. See Fed. R. Civ. P. 12(a)(4)(A). Defendant failed to submit an answer by that date,[1] and on November 30, 2012, Plaintiff moved for default judgment.

On February 12, 2013, the Court issued an order granting Plaintiff's motion for disqualification on the ground that there was a conflict of interest between Defendant and Mr. Barnes. (*See Order I.*) Specifically, the Court held that Mr. Barnes could not zealously represent Defendant's interests since, in the course of doing so, Mr. Barnes would need to attack the validity of bills that he approved and legal services that he provided. (*Id.* 4.) The Court noted that Defendant never addressed this conflict of interest issue, effectively conceding that Mr. Barnes has a conflict of interest warranting disqualification. (*Id.* 18-20)

On March 12, 2013, Defendant filed an ex parte application for leave to file a motion to reconsider Order I. (*Ex. Parte Mot.* [Doc. 26].) On April 2, 2013, the Court issued an order granting Defendant's ex parte application. (*Order II* [Doc. 27].) In granting this ex parte application, the Court ordered Defendant to explain why he should be allowed to raise the arguments enumerated in his ex parte application despite the fact that they were not raised in his opposition. (*Id.* 2)

---

[1] Defendant submitted his answer on December 17, 2012. (*Answer* [Doc. 18].)

On April 15, 2013, Defendant filed this motion for reconsideration of Order I. (*Mot. for. Recon.* [Docs. 28]; *Reply* [Doc. 30].) Plaintiff opposes. (*Opp'n* [Doc. 29].)

**II.  LEGAL STANDARD**

Defendant has filed a motion for reconsideration under Rule 60.  Because Defendant is not seeking to correct a clerical mistake by the court, Rule 60(a) does not apply.  Fed. R. Civ. P. 60(a).  Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60 applies only to "final orders" and does not apply to interlocutory orders.  The advisory committee's notes make this clear: "The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."  Fed. R. Civ. P. 60, advisory committee's notes.  An order is final if it terminates the litigation subject only to the right of appeal.  Corn v. Guam Coral Co., 318 F.2d 622, 628-629 (9th Cir. 1963).  Because the disqualification order did not resolve any of the substantive issues in this case, it is not a final order.  Accordingly, Rule 60(b) does not apply.

However, this Court maintains an inherent authority to reconsider all interlocutory orders.  Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[T]he

interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment."); Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 465 (9th Cir. 1989). A district court may reconsider and revise a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law. Washington v. Garcia, 977 F. Supp. 1067, 1068 (S.D. Cal. 1997) (Stiven, J.). Therefore, the Court construes Defendant's motion as a motion for reconsideration under Civil Local Rule 7.1(i)(1).

This rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Aerus LLC v. Proteam, Inc., 05-CV-1065-B (WMC), 2007 WL 2317273, at *2 (August 8, 2007). Specifically, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enters., Inc., 229 F.3d 890. Thus, motions for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. Id. Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. Ausmus v. Lexington Ins. Co., No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

### III. MOTION FOR RECONSIDERATION

In his motion, Defendant argues two grounds for reconsideration. First, Defendant argues that Plaintiff lacked standing to move for disqualification of Mr. Barnes as counsel for Plaintiff. (*Mot. for Recon.* 8.) Second, Defendant contends that the Court relied on "factual misapprehensions" in granting Order I. (*Id.* 11.) The Court addresses these arguments in turn.

### A. STANDING

Defendant claims that the Court erred in granting Plaintiff's motion for disqualification because Plaintiff lacked standing to bring that motion. (*Mot. for Recon.* 8.) Defendant contends that only former clients have standing to bring a motion to disqualify opposing counsel. (*Id.*) The Court finds Defendant's argument unavailing.

In his motion, Defendant cites Andrew Farms v. Calcot, LTD. for the general rule that only a client or former client has standing to complain of a conflict of interest with respect to opposing counsel. Andrew Farms v. Calcot, LTD., — F. Supp.2d —, 2010 WL 4010146, at *2 (E.D. Cal. Oct. 13, 2010). The "majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client." Id. (quoting Coyler v. Smith, 50 F. Supp.2d 966, 969 (C.D. Cal. 1999)).

These cases, however, lay out *general* law. Defendant fails to acknowledge the body of authority which provides the circumstances in which a non-client has standing to move to disqualify counsel due to a conflict of interest. See, e.g., Great Lakes Const., Inc. v. Burman, 186 Cal. App. 4th 1347, 1356 (2010) ("For purposes of a disqualification motion, '[s]tanding arises from a breach of the duty of confidentiality owed to the complaining party, regardless of whether a lawyer-client relationship existed.'" (quoting DCH Health Services Corp. v. Waite, 95 Cal. App. 4th 829, 832 (2002)); Meza v. H. Muehlstein & Co., 176 Cal. App. 4th 969, 980 (2009) ("Protection of the attorney-client privilege is not the *only* ground for a motion to disqualify an attorney. An attorney may be disqualified for a variety of reasons, including the protection of confidential work product of opposing counsel."); People v. Peoples, 51 Cal. App. 4th 1592 (1997) (finding a trial court's *sua sponte* recusal of an attorney representing her brother in an assault case against attorney's former husband was proper given the significant conflict of interest and the court's duty to maintain the integrity of the judicial process).

Indeed, "no California case has held that *only* a client or former client may bring a disqualification motion." Kennedy v. Eldridge, 201 Cal. App. 4th 1197, 1204 (2011) (emphasis added). This is because "[a] trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc., 20 Cal. 4th 1135, 1145 (2006) (quoting Cal. Civ. Proc. Code § 128(a)(5)). Ultimately, California law recognizes that "[t]he important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." Id.

From a review of the applicable law, it is clear the standing of a party bringing a disqualification motion is not always relevant to the Court's jurisdiction over, and disposition of, the motion. That is certainly the case here, because as explained below, and regardless of Plaintiff's "standing," the Court still finds that the present circumstances "present a substantial risk that Mr. Barnes' own interests would adversely affect his representation of Mr. Pollock, thereby creating a conflict of interest warranting disqualification." (*Order I*, 4.)

In light of the foregoing, the Court **DENIES** Defendant's motion for reconsideration with respect to his standing theory.

B.   MISUNDERSTANDING OF MATERIAL FACTS

Defendant next argues that this Court should amend its disqualification order based on "an unfortunate misapprehension of facts." (*Mot. for Recon.* 2:6.) Defendant identifies the following "misapprehensions" as grounds for reconsideration. (*Id.* 3.) First, Defendant contends that "Attorney Barnes was not 'directly responsible for all facts [sic] of the firm's representation of Mr. Pollock . . .'" (*Id.* 11:13-14.) Second, Defendant argues that "it is not true that 'the legal fees that Mr. Pollock has refused to pay were, in large part, generated and approved by Mr. Barnes.'" (*Id.* 12:1-2.) Third,

Defendant maintains that "it is not the case that 'Mr. Barnes' own record keeping and judgment controlled the final bills that Mr. Pollock received.'" (*Id.* 5-6.)

In its disqualification order, this Court concluded that "Mr. Barnes cannot zealously represent his client's interests if it means attacking the validity of bills that he approved and the legal services he provided." This conclusion was based on the factual allegations presented by Plaintiff in its motion for disqualification and supported by Mr. Bernhoft's declaration. (*Order I* 4:5-17.) Specifically, Plaintiff alleged that Mr. Barnes was "the Firm's lead attorney on the Blaine Pollock case, the direct subject of this legal fees and representations costs litigation." (*Bernhoft Decl.* [Doc. 8-2] ¶¶ 11.) In addition, Plaintiff alleged that "Attorney Barnes billed a very substantial portion of the total legal fee billings during the Firm's representation of Pollock, with Attorney Barnes' own billing recordkeeping and judgment controlling the final billings for his time." (*Id.* ¶ 35.)

In his motion for reconsideration, Defendant does not contend that the Court made clear error in its reasoning based on Plaintiff's claims. Instead, Defendant argues that the claims the Court relied on are untrue. However, Defendant inexplicably failed to refute these claims in a timely manner in his opposition to Plaintiff's motion for disqualification. Despite the Court's explicit request that Defendant address this failure in its motion for reconsideration, Defendant has failed to do so. (*Order II*, 2.) Defendant cannot not now, for the first time, contest Plaintiff's factual allegations. See Kona Enters., Inc., 229 F.3d at 890.

Because Defendant has not introduced newly discovered evidence, evidence of clear error by the court, or evidence of an intervening change in controlling law, the Court **DENIES** Defendant's motion for reconsideration on this ground. See Kona Enters., Inc., 229 F.3d at 890.

//
//
//

## IV. MOTION FOR DEFAULT JUDGMENT

Also pending before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (*Mot. Default* 1.) Plaintiff seeks default judgment on the basis that Defendant failed to provide a timely answer to Plaintiff's complaint.

Plaintiff's motion for default judgment is premature given that it did not first seek an entry of default from the Court's clerk. Fed. R. Civ. P. 55(a); see also Penpower Tech. Ltd. v. S.P.C.Tech., 627 F. Supp.2d 1083, 1088 (N.D. Cal. 2008) ("*After* entry of default, the Court may enter a default judgment." (emphasis added)). Therefore, Plaintiff's motion for default judgment is **DISMISSED**.

Moreover, Plaintiff's motion to disqualify defense counsel was pending when Defendant's deadline to submit an answer passed. This pending motion created uncertainty with respect to Mr. Barnes duty to file an answer, as well as the permissibility of doing so. Therefore, in the interests of fairness and in an exercise of its discretion, the Court deems that Defendant filed his answer in a timely manner. See Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986)("District courts have inherent power to control their dockets."); see also Hamilton Copper & Steel Corp. v. Primary Steel, 898 F.2d 1428, 1429; Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

//
//
//
//
//
//
//

## V. CONCLUSION

For these reasons, the Court **DENIES** Defendant's motion for reconsideration [Doc. 28] of the Court's order for disqualification [Doc. 25], and **DISMISSES** Plaintiff's motion for default judgment [Doc. 17]. Defendant may seek new counsel and file an amended answer or other responsive pleading on or before **August 24, 2013**.

IT IS SO ORDERED.

DATED: July 11, 2013

Hon. Thomas J. Whelan
United States District Judge